UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
                         :

MADA INTERNATIONAL AUTO AUCTION,   :
INC., ET AL.,

                         :               **MEMORANDUM**
           Plaintiffs,        :               **DECISION AND ORDER**

                         :
          -against-          :               07 Civ. 286 (BMC)

                         :

BRIDGESIDE INCORPORATED, a New York   :
Company, ET AL.,

                         :
           Defendants.      :

---------------------------------------------------------- X

**COGAN**, District Judge.

This case was tried to a jury on plaintiffs' claims for breach of an alleged bailment agreement and conversion. The Court dismissed all the claims against defendant Peter Brunetti and some of the claims against defendant Edkins Auto Sales, Inc. prior to submission to the jury. The jury rendered a verdict in favor of plaintiffs against defendant Bridgeside Inc., awarding damages of $18,000, and finding no liability as to defendant Edkins. The case is before the Court on both parties' post-trial motions [116, 117]. Familiarity with the facts is assumed.

I.     Defendants' motion

Defendants are correct that the evidence does not support the bailment claims. New York law is clear that to create a bailment, the bailor must relinquish his exclusive control, dominion and possession over the property. Hutton v. Public Storage Management, Inc., 177 Misc.2d 540, 676 N.Y.S.2d 886 (App. Term 1998) (setting aside jury verdict against self-storage facility, where property owner supplied the lock and had the only key, thus not relinquishing exclusive control). The evidence at trial was undisputed that plaintiffs had the only key to access the property in the locked trailer. There was thus never a relinquishment of control.

However, the jury could have found consistent with the evidence that Bridgeside converted plaintiffs' property. To prove a conversion, plaintiffs had to show: (1) legal ownership or an immediate superior right of possession to a specific identifiable thing; and (2) that the defendant exercised an unauthorized dominion over the thing in question, to the exclusion of the plaintiff's rights. See Vigilant Ins. Co. v. Housing Auth., 87 N.Y.2d 36, 44, 637 N.Y.S.2d 342 (1995) (quoting Employers' Fire Ins. Co. v. Cotten, 245 N.Y. 102, 105 (1927)). Viewed in the light most favorable to plaintiffs, the evidence supported this finding.

As the jury also was instructed, conversion would not lie if plaintiffs were in default of their payment obligation to Bridgeside at the time of the alleged conversion. See McEntee v. New Jersey Steamboat Co., 45 N.Y. 34 (1871) (noting that an absolute refusal to deliver goods to a person entitled to receive them constitutes a conversion unless the refusal is qualified, and the qualification is reasonable and made in good faith); Jackson v. Fuller, 97 N.Y.S. 975 (App. Term 1906) (no conversion where plaintiff and defendant had agreed that defendant was to have possession of a wagon till a sum paid by him for plaintiff was repaid and defendant refused to deliver it before he was repaid). At first blush, the jury's damage award might indicate that plaintiffs were in default as to the $2000 they owed Bridgeside, since the jury clearly accepted Michael Devino's testimony that he sold $20,000 worth of parts to plaintiffs and put them in plaintiffs' trailer; the jury then set-off the $2000 rental fee to reach its damage award of $18,000. However, the jury could also have found that at the time of the conversion, the rental fee was not owed. Plaintiff testified that his agreement with Bridgeside was that he did not have to pay accrued rental until he came to pick up his trailer. The jury was permitted to credit that testimony and find that the amount owed by plaintiff came due after the conversion.

Bridgeside's motion for judgment as a matter of law is therefore denied. The Court also denies the motion of Brunetti and Edkins for an award of attorneys' fees as not justified under the circumstances of the case.

II.    Plaintiffs' motion

The primary focus of plaintiffs' motion is that the judgment should be "amended" to increase the award from $18,000 to $227,057.96. The request is wholly without merit.

Putting aside the illegality of additur under the 7th Amendment (plaintiffs deny they are seeking additur but that is plainly what they are doing), there were numerous bases upon which the jury could refuse to accept the opinion of plaintiffs' expert. The opinion could reasonably be viewed as speculative as it relied on numerous assumptions that the evidence did not support. Indeed, the Court came quite close at trial to excluding the opinion as speculative, but determined to allow the jury to consider it nevertheless.

Plaintiffs argue that "[f]rom the expert's testimony and basic inductive reasoning, one can rationally infer that 'the parts of the content are similar to the whole content of the trailer.'" Even assuming that would be a permissible, non-speculative inference, it was far more plausible for the jury to find insufficient evidence that there was anything else in the trailer beyond the $20,000 worth of goods testified to by Devino. Alternatively, the jury could reasonably have concluded that there was an insufficient basis to conclude that the 20% of the alleged total on which the expert based his opinion was in fact representative of the alleged "missing" 80%. The ability of the jury to see the facts this way was made all the more justifiable given plaintiffs' complete inability to document paying anything for the goods beyond the $20,000.

3

Indeed, even as to the expert's opinion regarding the value of the allegedly remaining 20%, the jury could have rejected his valuation based on, among other things, the method in which the goods in the trailer were inventoried. It could also have rejected the expert's valuation as to the alleged 20% because it was based largely, if not entirely, on bids, rather than actual sales.

At best, plaintiffs' motion seeks to reargue the credibility of plaintiffs' witnesses. It was well within the jury's discretion to come to the conclusion that it did.

Plaintiffs alternatively move for a new trial as to damages. For similar reasons, this motion is denied. The jury's determination was not against the weight of the evidence nor does it strike me as inadequate. It is indeed the only award in plaintiffs' favor that I would sustain based on the evidence at trial.

Plaintiffs' request for attorneys' fees is equally without merit and is denied.


**SO ORDERED.**

___s/ BMC

U.S.D.J.

Dated: Brooklyn, New York
      June 11, 2008